UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-80663-CIV–MARRA/JOHNSON

MARIKA TOLZ, as TRUSTEE of
the CHAPTER 7 BANKRUPTCY
ESTATE OF JENNIFER LEE BEEBE

                Plaintiff
v.

GEICO GENERAL INSURANCE
COMPANY, a foreign for profit
corporation, and CHRIS JONES

                Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Plaintiff's, Marika Tolz, as Trustee of the

Chapter 7 Bankruptcy Estate of Jennifer Lee Beebe's, Objection to Magistrate's

Omnibus Order Regarding Defendant's Objection to Plaintiff's Tenth Request to

Produce and Motion For Protective Order [DE 184].  The Court has carefully

considered the motion and response and is otherwise fully advised in the premises.

No reply was filed.

Early in this action, Marika Tolz, as Trustee of the Chapter 7 Bankruptcy Estate

of Jennifer Lee Beebe ("Trustee" or "Plaintiff") filed a Motion to Compel Responses

to Plaintiff's First Request to Produce to Geico.  *See* DE 44.  In Request # 9, Trustee

sought the entire personnel files of all Geico personnel, including Chris Jones, who

handled or supervised Granados' claim against Beebe except for wage and tax

information, drug testing information, and health/medical information.  Geico objected to this request as vague, ambiguous, overbroad, and irrelevant, in addition to claiming that the information in personnel files is confidential and privileged, the discovery of which implicates the constitutional privacy rights of Geico employees.

In response, Trustee asserted that the personnel files, including that of Chris Jones, were highly relevant in this bad faith action to establish whether the very employee hired by Geico to handle Granados' claim acted in bad faith while doing so. Trustee argued the files most likely memorialize relevant circumstances surrounding Jones' conduct both in handling similar claims prior to that of Granados, simultaneous to that of Granados, and Granados' claim against Beebe.  Because of this alleged relevancy and Trustee's inability to obtain the equivalent from any other source but Geico, Trustee contended that the need for discovery of Chris Jones' personnel files outweighed any privacy concerns, especially where the request was narrowly tailored to exclude sensitive and irrelevant personal information.

Magistrate Judge Johnson denied the Motion to Compel on the basis that the discovery of the personnel files was not reasonably calculated to lead to the discovery of admissible evidence and that the need to protect constitutional privacy rights inherent in personnel files outweighed the need for discovery.  *See* DE 125.

Following this order, Trustee served Geico with its Tenth Request to Produce seeking to discover all performance reviews, evaluations, and other claims handling performance documents regarding Chris Jones and his supervisor, Allen Yates,

generated from 2003-2006.  Geico filed an objection to the Request and moved for a protective order contending that the request constituted an untimely attempt to seek reconsideration of the Court's Order and that the documents sought were not relevant to the claim or defense of any party.  *See* DE 142.

The Magistrate Judge entered an Omnibus Order in which Geico's objection and Motion for Protective Order was sustained and granted.  *See* DE 178.  The Magistrate Judge concluded that (1) the performance reviews and evaluations of Jones and Yates are not discoverable, (2) the Court had previously addressed and rejected Plaintiff's argument in its Order; (3) Plaintiff should have filed a motion for reconsideration within ten days of the Court's Order if she wished for the Court to reconsider the ruling, (4) any performance reviews or evaluations concerning Jones' or Yates' handling of Granados' claim against Beebe are inadmissible under F.R.E. 407 and are protected opinion work-product, and (5) any performance reviews or evaluations concerning Jones' or Yates' handling of claims other than the claim at issue are irrelevant and inadmissible under F.R.E. 404(b).  *Id.*

Trustee now appeals the ruling of the Magistrate that sustained and granted Geico's Objection to Plaintiff's Tenth Request to Produce and Motion for Protective Order regarding the personnel file of Chris Jones asserting that portions of Jones' personnel file are so relevant as to transcend any privacy concerns in this action. Trustee asks this Court to set aside the Magistrate's Order which Trustee claims is clearly erroneous and contrary to law.

Trustee points to the genuine issue of material fact regarding what Michael May reported to Jones regarding the accident on that very first call to Geico.  Jones wrote in the ALOG that May reported that Granados' vehicle had been blind sided, the point of impact was to the front, and that Granados' injuries are severe and it appears that she is paralyzed from the waist down.  May testified that he told Jones that Granados' vehicle had been T-boned, and that he also told Jones that the traffic lights were out at the intersection.  Trustee asserts that these details that were told to Jones but that Jones omitted from the ALOG serve to establish that Geico knew from day one that the driver of Granados' vehicle might be subject to excess liability so that Geico should have acted with alacrity to settle the claim.

Given the importance of this initial ALOG entry, and the fact that Jones will not be a witness at trial,[1] Trustee claims to need to be able to challenge the accuracy of Geico's ALOG entry by any allowable means, including showing that Jones mishanded the claim.  Given that Trustee will have no opportunity to cross-examine Jones regarding his alleged mishandling of the claim, Trustee asserts that Jones' personnel file materials become relevant and compelling evidence of Jones' requisite claims skill, or the lack thereof.  Thus, Jones' personnel file has become "critically essential" for Trustee if it is to impeach Geico's witnesses at trial regarding Jones'

---

[1]  Despite repeated attempts, Trustee was unable to serve Jones with process at his last known address, Jones was never deposed, and Jones' last known address is greater than 100 miles from the courthouse.

credibility, skill, integrity, and the accuracy of the ALOG entry (and other entries involving Jones). "This information goes directly to the heart of Geico's bad faith claims handling of Granados' claim, Geico's training and/or retention of Chris Jones, and/or his supervisor, Allen Yates, and their combined mishandling of Granados' claim." DE 184 at 5. Trustee states that she has a good faith reason to believe that Jones' personnel file contains evidence regarding Jones' deception in handling claims.[2] As Jones' integrity in claims handling is a subject matter related to this bad faith litigation where Geico through Jones is being accused of improperly handling Granados' claim against Beebe in bad faith, Trustee "implores" the Court to sustain its objection to the Magistrate's ruling and allow production of the narrow portions of Jones' personnel file sought by Trustee. According to Trustee, the Magistrate's Order is clearly erroneous and contrary to law because Jones' performance reviews or evaluations are relevant and admissible as impeachment material.

**Discussion**

The Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed.R.Civ.P. 72(a); Local Magistrate Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of

---

[2] Trustee states she is constrained in setting forth the reasons for Jones' termination in this appeal due to a prior order regarding the deposition testimony of Jones' supervisor, Yates. Trustee seeks permission to file that deposition transcript for consideration by the Court - information that was unavailable to the Magistrate.

review is extremely deferential.  A finding is clearly erroneous only if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed."  *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997).  "The mere fact that a reviewing Court might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue."  *Pendlebury et al. v. Starbucks Coffee Co.*, Case No. 04-80521, 2007 WL 4592267, at *2-3 (S.D. Fla. December 28, 2007) (Marra, J.); *Merrill-Stevens Yacht Sales, LLC v. Fr. Lurssen Werft, GmbH & Co. KG*, Case No. No. 07-61389, 2008 WL 2690798, *2 (S.D. Fla. July 2, 2008) (Cohn, J.).  With respect to the "contrary to law" variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.  *Pigott v. Sanibel Development, LLC*, Case No. 07-0083, 2008 WL 2937804 at *5 (S.D. Ala. July 23, 2008).

The right to privacy under the Constitution of the State of Florida extends to information contained in nonpublic employee personnel files.  *See Alterra Healthcare Corp. v. Estate of Shelly*, 827 So.2d 936, 944-45 (Fla. 2002) ("No party has the right to conduct a general fishing expedition into the personnel records of another.  Any request for information that does not directly relate to legitimate issues that may arise in the course of the trial ought to be denied.  In recognizing the danger of permitting the disclosure of personnel records of any witness or litigant, one court has said: 'It has been widely noted that such records often contain raw data,

uncorroborated complaints, and other information which may or may not be true but may be embarrassing, although entirely irrelevant to any issue in the case, even as to credibility.')" (citation and quotations omitted).

In support of her argument that the Magistrate's Order is clearly erroneous and contrary to law, Plaintiff cites to a case from the United States District Court for the Western District of New York in which discovery of a personnel file was permitted. *See* DE 184 at 5 citing *Bolia v. Mercury Print Productions, Inc.*, 2004 WL 2526407 (W.D.N.Y. 2004).  In *Bolia*, the plaintiff brought suit against his former employer alleging that he had been unlawfully fired due to his age and disability.  During discovery, the plaintiff took the deposition of the president of the defendant corporation, who testified under oath that he had not ever been involved in a workplace complaint.  After the deposition, the defendant produced the president's personnel file, which contained documents referencing complaints of sexual harassment by a former employee.  The defendant subsequently moved to prohibit the use, reference to, or disclosure of the documents during further discovery.  Under these circumstances, the Court permitted the use of the documents to explore whether the company president provided untruthful testimony in his deposition and, therefore, to impeach his other testimony.

*Bolia* does not provide any support for Plaintiff's argument that Magistrate Judge Johnson's November 30, 2009 Omnibus Order is clearly erroneous or contrary to law.  *Bolia* involves a situation in which the use of personnel files containing

information directly contrary to the sworn testimony of a witness was permitted.  In the instant case, the performance reviews and evaluations of Jones would be useless on cross-examination or for impeachment of Jones' credibility because Jones was never deposed and will not testify at trial.

Plaintiff also cites *Davidson Pipe Co. v. Laventhol & Horwath*, 120 F.R.D. 455, 461 (S.D.N.Y. 1988) and *Cherenfant v. Nationwide Credit, Inc.*, Case No. 03-60655, 2004 WL 5313965 (S.D. Fla. May 10, 2004).  However Plaintiff acknowledges that the Court in *Cherenfant* did not permit prior acts discovery under the circumstances of that case.  The *Davidson* Court held the a court should

> limit discovery for purposes of impeachment in the same way that other discovery is constrained:  by determining whether it is reasonably likely to lead to admissible evidence.  In the context of discovery for impeachment purposes, this means deciding whether disclosure may reveal information affecting the credence afforded to a witness' trial testimony. . .  The first and most obvious criterion is that the prior acts in question must demonstrate a propensity for deception.

120 F.R.D. at 462.  In this respect, Plaintiff states in a footnote that she cannot share with the Court the reasons for Jones' termination but seeks permission to file a transcript of the deposition when that subject was discussed for the Court's consideration.  DE 184 at 6.  The Court declines to accept Plaintiff's invitation as presented.  *Bolia* and *Davidson* support discovery of prior acts that may serve as a foundation for cross-examination of a witness or reveal information that affects the credibility of a witness' trial testimony.  It is not for this purpose Plaintiff seeks

Jones' file.

The Court concludes that the Magistrate's decision to protect the performance reviews and evaluations sought by Plaintiff was neither clearly erroneous nor contrary to law because these items would be inadmissible as they are either irrelevant to the current action, inadmissible prior act evidence, evidence of subsequent remedial measures, and/or protected opinion work-product.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's, Marika Tolz, as Trustee of the Chapter 7 Bankruptcy Estate of Jennifer Lee Beebe's, Objection to Magistrate's Omnibus Order Regarding Defendant's Objection to Plaintiff's Tenth Request to Produce and Motion For Protective Order [DE 184] is **overruled**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of January, 2010.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson