UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 08-80663-CIV–MARRA/JOHNSON

MARIKA TOLZ, as TRUSTEE of
the CHAPTER 7 BANKRUPTCY
ESTATE OF JENNIFER LEE BEEBE

        Plaintiff

v.

GEICO GENERAL INSURANCE
COMPANY, a foreign for profit
corporation, and CHRIS JONES

        Defendants.

_____/

<u>**ORDER AND OPINION**</u>

THIS CAUSE is before the Court upon Non-Party, Searcy Denney Scarola

Barnhart & Shipley, P.A.'s, Objection to Magistrate's Omnibus Order Regarding

Defendant's Motion to Compel Production of Documents From Non-Party, Searcy

Denny Scarola Barnhart & Shipley, P.A. [DE 186].  The motion is fully briefed and ripe

for review.

The instant action filed by Marika Tolz, as Trustee of the Chapter 7 Bankruptcy

Estate of Jennifer Lee Beebe ("Trustee" or "Plaintiff") alleges bad faith on the part

of Geico in the handling of the claim of Mayra Granados ("Granados") against

Jennifer Beebe ("Beebe"), which was the subject of an underlying case, *Mayra*

*Granados, et al. v. Jennifer Beebe, et al.*, Case No. 05-16696 CACE (25) in the Circuit

Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.  In the

underlying action, attorney Karen Terry ("Terry") of the law firm Searcy Denney Scarola Barnhart & Shipley, P.A. ("Searcy") represented Granados.  Neither Granados, Terry nor Searcy are parties to the Trustee's subject bad faith action.

The central issue in the instant action brought by Beebe's bankruptcy Trustee is whether Geico acted in bad faith in handling and failing to settle the claim of Granados against Beebe.  As an affirmative defense, Geico has asserted that Granados unreasonably refused to accept Geico's tender of the policy limits.  DE 1, 4.

Geico served a subpoena duces tecum on Searcy seeking the production of the litigation files maintained by Searcy regarding Granados' claims against Beebe and the underlying case.  Searcy objected to the subpoena.  Geico then filed a Motion to Compel the production of "all documents and things related to the formulation and presentation of settlement demands and offers, and the determination of the value of Granados' claims."  DE 30.

The Magistrate Judge entered an Order granting Geico's Motion to Compel.  DE 28, 112.  In her Order, the Magistrate Judge rejected Searcy's objections that the requests were overly broad and unduly burdensome and that the documents sought were irrelevant.  The Order required Searcy to produce its files, and to create and file a privilege log identifying any documents withheld from production on the basis of privilege.  The Order also explicitly warned Searcy to "bear in mind the doctrine of waiver by issue injection" when asserting any claims of privilege in this matter.  DE 112 at 7.  In response to this ruling, Searcy produced some documents and a lengthy

privilege log (214 pages) identifying hundreds of documents as being withheld on the basis of either the work-product privilege, the attorney-client privilege, or both.  DE 120.

Geico then filed a second Motion to Compel Production of Documents from Searcy.  DE 149.  Geico's second motion sought production from Searcy of: (1) all documents withheld by Searcy which constituted "fact work-product," and (2) all documents withheld by Searcy which were created prior to December 1, 2005, the date that Geico learned that Granados was rejecting Geico's tender of its policy limits, withheld on the basis of either the attorney-client or work-product privilege. In its motion, Geico argued that the mental state, thoughts, and impressions of Granados and her attorneys during the time prior to her rejection of Geico's tender of its policy limits are a central issue in the instant action because they are the best evidence of whether Geico had a realistic opportunity to settle Granados' claim against Beebe within the policy limits.  Geico argued that it therefore is entitled to the production of these documents on the basis that special and extraordinary circumstances existed which justified their production, and on the basis that Granados had waived her privilege through the doctrine of waiver by issue injection.

Searcy opposed the motion arguing that (1) the information sought by Geico is available from other sources; (2) Geico should be requesting only the documents which actually contain relevant information rather than documents which *may* contain relevant information, (3) the cases cited by Geico did not support the

invasion of the work-product privilege under the circumstances of this bad faith case, and (4) Searcy and Granados are "strangers to the action" such that their attorney-client privilege should not be waived through the doctrine of waiver by issue injection.  Geico filed a reply.

Magistrate Judge Johnson then entered an Omnibus Order which, among other things, granted Geico's Motion to Compel Production of Documents from Searcy.  DE 178.  In part, the Magistrate Judge concluded that Searcy had waived the attorney-client privilege by issue injection which made Granados' willingness to settle central to the action.  DE 178 at 8-9.  The Magistrate Judge's Order found that (1) the documents sought by Geico are the best evidence of whether Geico had a realistic opportunity to settle, (2) that Searcy's argument that Geico should be requesting only the documents which actually contain relevant information rather than documents which *may* contain relevant information "ignores reality," and that Geico had "attempted to narrowly tailor the request to the best of it's ability," (3) Geico had established the existence of special and extraordinary circumstances with respect to the documents claimed to be opinion work product so as to justify their production, (4) Searcy's argument that the cases cited by Geico involved the production of materials from the insurer, rather than from the plaintiffs and their attorneys was "a distinction without a difference" and that it would be "illogical" and "inequitable" to allow an insured to invade the work product of insurers while at the same time forbidding insurers the ability to discover information which "goes to the very heart

of their affirmative defenses," (5) the attorney-client privilege had been "waived by the actions of Granados through issue injection," and (6) to "claim, as Searcy Denney does here, that Granados is a 'stranger to this action,' is to deny reality and to exalt form over function." *Id*. at 4-8, 10.

On the date Searcy was to comply with the aforementioned order, Searcy filed the instant motion, which asks this Court to set aside the Magistrate Judge's Order. According to Searcy, the Magistrate Judge's order is "clearly erroneous and contrary to law." DE 190 at 7. In its objection, Searcy reasserts all of the arguments that it previously made in its objection to the subpoena and in its response to the motion to compel, but "emphasizes" and "stresses" that Geico failed to cite any authority supporting the invasion of the province of work-product privileged documentation maintained by a non-party in a bad faith action.

## Discussion

The Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed.R.Civ.P. 72(a); Local Magistrate Rule 4(a)(1). The "clearly erroneous or contrary to law" standard of review is extremely deferential. A finding is clearly erroneous only if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). "The mere fact that a reviewing Court might

have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *Pendlebury et al. v. Starbucks Coffee Co.*, Case No. 04-80521, 2007 WL 4592267, at *2-3 (S.D. Fla. December 28, 2007) (Marra, J.); *Merrill-Stevens Yacht Sales, LLC v. Fr. Lurssen Werft, GmbH & Co. KG*, Case No. No. 07-61389, 2008 WL 2690798, at *2 (S.D. Fla. July 2, 2008) (Cohn, J.).  With respect to the "contrary to law" variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure. *Pigott v. Sanibel Development, LLC*, Case No. 07-0083, 2008 WL 2937804 at *5 (S.D. Ala. July 23, 2008).

<u>Attorney-Client Privilege</u>

The attorney-client privilege is a matter of substantive law governed by the law of the forum state in federal diversity cases.  *Bradt v. Smith*, 634 F.2d 796 (5th Cir. 1981).  Relying on *GAB Bus. Serv., Inc. v. Syndicate 627*, 809 F.2d 755 (11th Cir. 1987), the Magistrate Judge found that Granados' attorney-client privilege was waived by the actions of Granados through issue injection.  DE 178 at 8.

> [T]o allow Granados to testify that she relied on her attorney's advice in deciding whether to accept Geico's offer of the policy limits, without allowing Geico to inquire into the subject matter of Granados' exchanges with her attorney, would result in a sword/shield situation whereby Granados would be permitted to place sole decision making authority on another, while shielding herself from having to provide potentially harmful testimony which may directly support Geico's affirmative defenses.  The Court agrees with Geico that the law does not permit Granados to maintain such a convenient position, in frustration of

> Geico's right to discovery of critical facts and information
> that cannot be obtained from any source other than
> Granados' attorney, Paul Pecaro.

DE 178 at 10.

In *GAB Business Services*, the Eleventh Circuit stated, "it is the rule in Florida that a party who bases a claim on matters which would be privileged, the proof of which will necessitate the introduction of privileged matter into evidence, and then attempts to raise the privilege so as to thwart discovery, may be deemed to have waived that privilege...." 809 F.2d at 762 (quoting *Home Insurance Co. v. Advance Machine Co.*, 443 So.2d 165, 168 (Fla. Dist. Ct. App. 1983)). The facts of this case are very similar to those in *Lee v. Progressive Express Insurance Co.*, 909 So.2d 475 (Fla. Dist. Ct. App. 2005). In *Lee*, the plaintiff was involved in an automobile accident and sued the defendant. Later the plaintiff offered to settle with the defendant's insurer for the policy limits. *Id*. at 476. The insurer requested an extension of time to consider the offer, which was rejected, so that the settlement offer was deemed rejected by the plaintiff. *Id*. The case was tried and an excess judgment was entered against the defendant. As a result, the plaintiff filed a bad faith action against the insurer.

In the bad faith action, the insurer sought discovery of attorney-client communications involving the plaintiff based on a belief that the plaintiff's attorney orchestrated the rejection of the settlement to create a bad faith action. *Id*. The plaintiff filed a privilege log asserting the attorney-client and work-product

privileges.  The insurer responded that the plaintiff injected the issue of willingness

to settle into the action so that the work-product and attorney-client privileges were

waived.  *Id*. at 476-77.  The trial court found the privileges waived and ordered

production of the otherwise privileged documents by the plaintiff.  *Id*. at 477.

Reversing the trial court, the appellate court concluded that:  "The motives of

[plaintiff] and his attorney regarding the timing of the settlement offer and rejection

of [the insurer's] subsequent settlement offer are not elements that [plaintiff] has to

prove to establish a bad faith claim against [the insurer.]"  *Id*.  As a result,

"[c]ontrary to [the insurer's] argument, [plaintiff] is not the one injecting this issue

into litigation.  If the insurer raises this as a defense, it has the burden of proving

that the claimant was unwilling to settle.  Furthermore, [plaintiff] did not waive the

attorney-client privilege during his deposition.  Although [the insurer] asked

[plaintiff] numerous questions about the settlement demand and rejection of the

insurer's offer, [plaintiff] gave limited responses and did not disclose any specific

discussions or the substance of any communications he had with his attorney."  *Id*.

(citations and parentheticals omitted).  Thus, the attorney-client privilege may be

waived where the party asserting the privilege injects the very issue which requires

testimony from his attorney.

     In *Lee*, the court held that the plaintiff did not inject the issue by suing for bad

faith.  Rather, it was the defendant insurer who injected the issue of the plaintiff's

alleged "unwillingness" to settle as a *defense*.  That factual scenario is the same

presented in this case.  Here, Plaintiff is suing for bad faith and Geico has injected the issue of Granados' allegedly unreasonable refusal to accept Geico's tender of the policy limits as an affirmative *defense*.  Thus, Geico has injected the issue in this case, not Plaintiff.  Geico cannot inject an issue in this case and then claim the privilege has been waived by the other party.  The cases the Magistrate cites are correct if the party asserting the privilege injected the issue, but the issue injection doctrine does not apply if the opposing party injects the issue.  The privileges asserted by Searcy, a non-party to the action, should remain intact where, as in *Lee*, it is the insurer, Geico, that has asserted Granados' alleged unwillingness to settle this action as a defense.  Based on the authority of *Lee* and Geico's alleged failure to cite any authority on point and to the contrary, the Court finds that the Magistrate Judge's decision on this narrow issue was contrary to law and is reversed.  Searcy's attorney-client privilege has not been waived by issue injection.

<u>Work Product Privilege</u>

"Material that reflects an attorney's mental impressions, conclusions, opinions, or legal theories, is referred to as 'opinion work product.'"  *Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1422 (11th Cir. 1994); *cf. Hickman v. Taylor*, 329 U.S. 495, 511 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 399 (1981).  "Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney."  *Hickman,* 329 U.S. at 510.  "As Rule 26(b)(3) makes apparent, 'opinion work product can not be discovered upon a

showing of substantial need and an inability to secure the substantial equivalent of the materials by alternate means without undue hardship.'" *Cox*, 17 F.3d at 1422 (quoting *In re Murphy*, 560 F.2d 326, 336 (8th Cir. 1977).  Instead, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances."  *Murphy*, 560 F.2d at 336.

The Magistrate Judge, relying on *Reavis v. Metro. Pty & Liability Ins. Co.*, 117 F.R.D. 160, 164-65 (S.D. Cal. 1987), *Handgards, Inc. v. Johnson & Johnson*, 413 F.Supp. 926, 931 (N.D. Cal. 1976), *Hartman v. Banks,* 164 F.R.D. 167 (E.D. Pa. 1995), *Walters v. State Farm Mut. Auto Ins. Co.*, 141 F.R.D. 307 (D. Mont. 1990), *Central Nat. Ins. Co. of Omaha v. Medical Protective Co. of Fort Wayne, Indiana*, 107 F.R.D. 393 (D.C. Mo. 1985) found that the work-product privilege is not inviolate and may be invaded when the information contained within the work-product materials is directly at issue.   Moreover, such information is often directly at issue in cases against an insurer for alleged violations of the duty of good faith.

Searcy argues that these cases stand only for the proposition that a plaintiff in a bad faith action is entitled to invade the opinion work-product of an insurer to support her claim for bad faith, but not when that an insurer is entitled to invade the opinion work-product of a plaintiff and her attorneys to support its defenses to such claims.  The Court agrees with the Magistrate Judge that this argument arguably promotes unjustified inequity.  In contrast, Searcy does not cite a single case which recognizes a legal distinction between the production of such materials from insurers

in an action for bad faith and the production of such materials from other parties and their attorneys involved in such an action.  The Court see no logical reason why the Court should allow such a distinction in this case.  The Magistrate's Omnibus Order of November 30, 2009, recognized this fact and the ruling contained therein cannot be said to be clearly erroneous or contrary to law.  Nonetheless, the Court will reserve ruling on the question of whether Geico has met the standard for production of work-product privileged materials in this case.  The Court will conduct an *in camera* review of the documents before ruling.  Therefore, it is hereby

ORDERED AND ADJUDGED that Non-Party, Searcy Denney Scarola Barnhart & Shipley, P.A.'s, Objection to Magistrate's Omnibus Order Regarding Defendant's Motion to Compel Production of Documents From Non-Party, Searcy Denny Scarola Barnhart & Shipley, P.A. **[DE 186] is granted in part and reserved in part** in accordance with the rulings herein.  By 5:00 p.m. on Monday, February 1, 2010, Searcy shall produce all alleged work-product privileged materials for an *in camera* review to the undersigned's chambers.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 27th day of January, 2010.

KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record
Magistrate Judge Linnea R. Johnson